**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 16-00783 |
| Thomas E. and Donna L. Beeson, | ) | Hon. Janet S. Baer |
| | ) | Hearing Date:   December 14, 2016 |
| Debtors. | ) | Hearing Time:   10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Thomas E. and Donna L. Beeson |
| Date of Order Authorizing Employment: | February 1, 2016, effective as of January 11, 2016 |
| Period for Which Compensation is Sought: | January 11, 2016 through September 14, 2016 |
| Amount of Fees Sought: | $40,582.00 |
| Amount of Expense Reimbursement Sought: | $297.94 |
| This is a(n):  ☐ Interim Application    ☒ Final Application | |
| If this is not the first application filed herein by this professional, disclose as to all prior fee applications: | |

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| n/a | | | | |

                                                                      Applicant:
                                                                     Shaw Fishman Glantz & Towbin LLC

Date:   November 23, 2016                  By:   /s/ Allen J. Guon
                                                                       One of its members

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 16-00783 |
| Thomas E. and Donna L. Beeson, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtors. | ) | |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE** that on **December 14, 2016 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Janet S. Baer**, in Courtroom 615 of the United States Bankruptcy Court for the Northern District of Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Application of Shaw Fishman Glantz & Towbin LLC as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

Dated:  November 23, 2016        By:   */s/ Allen J. Guon*
                                       One of its members

Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone

{11563-001 APPL A0448574.DOCX 4}

**CERTIFICATE OF SERVICE**

Allen J. Guon, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means or U.S. First Class Pre-Paid Mail (as indicated) on November 23, 2016.

*/s/ Allen J. Guon*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- R Scott Alsterda    rsalsterda@nixonpeabody.com
- Joseph A Baldi    jabaldi@baldiberg.com, jmanola@baldiberg.com
- Peter C Bastianen    ND-Four@il.cslegal.com
- David Chroust    david.chroust@icemiller.com, debra.dipisa@icemiller.com
- Monette W Cope    ecfnil@weltman.com
- Thomas W Gooch    tga209@aol.com, jhyso@gauthierandgooch.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Jean Soh    jsoh@polsinelli.com, chicagodocketing@polsinelli.com
- Jerry L Switzer    jswitzer@polsinelli.com, chicagodocketing@polsinelli.com
- Timothy R Yueill    timothyy@nevellaw.com

**Manual Notice List/ Via U.S. First Class Pre-Paid Mail**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Thomas E Beeson
Donna L Beeson
1391 Telegraph Road
Lake Forest, IL 60045

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 16-00783 |
| Thomas E. and Donna L. Beeson, | ) | Hon. Janet S. Baer |
| | ) | |
| Debtors. | ) | |

**FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to Sections 330(a) and 331 of title 11, United States Code ("Bankruptcy Code"), FED. R. BANKR. P. 2002(a)(6), 2016(a) and 9007, and Local Bankruptcy Rule 5082-1, for (i) final allowance of $40,582.00 in compensation for 92.50 hours of professional services rendered as special counsel for Thomas E. Beeson ("Thomas") and Donna L. Beeson ("Donna," and together with Thomas, the "Debtors"), for the period beginning January 11, 2016 through September 14, 2016 ("Application Period"), and the reimbursement of $297.94 for actual expenses incurred incident to those services, and (ii) payment of all finally allowed compensation and expense reimbursement ("Final Application"). In support of this Final Application, Shaw Fishman respectfully states as follows:

**Jurisdiction**

1.  On January 11, 2016 ("Petition Date"), the Debtors filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned case ("Case"). The Debtors have remained in possession of their assets as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.  This Court has jurisdiction over this Final Application under 11 U.S.C. § 330, 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District

Court for the Northern District of Illinois. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1408 and 1409. This Application is a core proceeding within the meaning of 28 U.S.C. §§ 157(b) (2) (A), (M) and (O).

### **Background**

3. The Debtors operate a nursery business through their wholly owned corporation, Beeson Plantation, Inc. ("Plantation"). Plantation utilized the real property located at 12526 W. Highway 22, Bannockburn, IL ("Highway 22 Property") and the real property located at 1300 Half Day Road, Deerfield, Illinois ("South Parcel").

4. The South Parcel is adjacent to a vacant 9 acre parcel of real property known as 23443 N. Waukegan Road, Bannockburn, Illinois ("North Parcel"). The North Parcel was held in a land trust by Chicago Title Land Trust Company, as successor Trustee under Trust Agreement dated August 30, 2000 and known as Trust no. 126587 ("Land Trust"). The Debtors are the beneficiaries and hold the power of direction under the Land Trust.

5. Debtors also formerly owned the 5 acre parcel of land immediately adjacent to the North Parcel which is referred to herein as the South Parcel. The Debtors operate the retail portion of the Plantation nursery business out of the South Parcel and the buildings located on the South Parcel.

6. Prior to the Petition Date, the Debtors entered into a series of loan transactions with Amcore Bank, N.A., BMO Harris Bank, N.A.'s ("BMO") predecessor-in-interest, which loans ("BMO Loans") were secured by mortgages on the North Parcel, the Highway 22 Property and the Debtors' personal residence. As of the Petition Date, the estimated amount due under the BMO Loans was approximately $6.7 million. The Debtors also entered into a loan with the U.S. Small Business Administration ("SBA") which was secured by the North Parcel ("SBA Loan"). As of the Petition Date, the estimated amount due under the SBA Loan was approximately $2.3 million.

7. On or about January 24, 2013, the Debtors entered into a certain Real Property Option Agreement ("North Parcel Option Agreement"), as amended from time to time with Continental Beeson Corner, LLC ("Continental Beeson"), which granted Continental Beeson an option to purchase the North Parcel once certain conditions precedent has been satisfied.

8. In conjunction with execution of the North Parcel Option Agreement, Debtors sold the South Parcel to Continental 165 Fund LLC ("Continental 165") in late 2012 for a purchase price of approximately $3.5 million, which was used to satisfy mortgages against the South Parcel which were then in default. At the same time, Thomas and Continental 165 also entered into a Real Property Option Agreement dated January 24, 2013 ("South Parcel Option Agreement"), under which Thomas had the right to repurchase the South Parcel within 1 year of the termination or expiration of the North Parcel Option Agreement. In order to continue Plantation's retail nursery operation, Plantation and Continental 165 also entered into a ground lease for the South Parcel.

9. On or about March 14, 2016, the Debtors filed a motion seeking Court authority to, among other things, (i) assume the North Parcel Option Agreement and sell the North Parcel, (ii) assume the South Parcel Option Agreement, (iii) authorize the purchase of the South Parcel, and (iv) assume and approve the settlement with BMO and the SBA ("Sale Motion").

10. After a contested evidentiary hearing, on May 4, 2016, the Bankruptcy Court entered the *Order Authorizing Debtors to 1) Assume the Real Property Option Agreement with Continental Beeson Corner LLC and Authorize the Sale of Real Property Pursuant to Real Property Option Agreement – 23443 N. Waukegan Road, Bannockburn, IL 2) Assume the Real Property Option Agreement with Continental 165 LLC 3) Authorize the Purchase of Real Property*

*– 1300 Half Day Road, Deerfield, IL and 4) Assume and Approve Settlement Agreement and Mutual Release with BMO Harris Bank, N.A.* ("Sale Order").

11. Pursuant to the Sale Order, on July 13, 2016, the Debtors sold the North Parcel. The proceeds of the purchase price were applied, among other things, in full satisfaction of the obligations of Debtors to BMO and the SBA.[1] As further consideration for the sale, Debtors received title to the South Parcel, free and clear of any liens or encumbrances.

## Shaw Fishman Retention

12. On February 1, 2016, this Court entered an order authorizing the Debtors to employ Shaw Fishman as special counsel to the Debtors, effective January 11, 2016. In the Retention Order, the Court authorized Shaw Fishman to provide services to the Debtors in connection with (i) the sale of certain real property located in Lake County, Illinois, (ii) the negotiation of certain loans with BMO and the SBA, and (iii) to take such action and perform any and all other legal services on behalf of the Debtor which may be required to effectuate the foregoing. [Dkt. No. 21.]

13. The Court also authorized the Debtors to pay Shaw Fishman a $5,000 retainer. The Debtors paid Shaw Fishman $2,500 of the authorized retainer on April 21, 2016.

## Services Rendered by Shaw Fishman

14. Throughout the Application Period, Shaw Fishman rendered in excess of 92.50 hours of legal services to the Debtors having a value of $40,582.00. Shaw Fishman provided professional services to the Debtors which were consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested are services which, in

---

[1] Pursuant to the terms of the Sale Order, Shaw Fishman received $75,000 at the closing of the sale of the North Parcel in partial payment of its outstanding pre-petition legal fees.

{11563-001 APPL A0448574.DOCX 4}   4

the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

15. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into 3 separate categories, as follows:

| **Description** | **Total Hours** | **Total Fees Incurred** |
|---|---|---|
| BMO & SBA Settlement | 18.90 | $8,833.00 |
| Real Estate | 67.10 | $28,661.50 |
| Retention and Fee Application | 6.50 | $3,087.50 |
| **TOTAL:** | **92.50** | **$40,582.00** |

16. A detailed invoice ("Invoice") for each time category is attached as Exhibit A to this Application. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category. All of the time described in Exhibit A represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described services.

**Services Rendered by Shaw Fishman – By Category**

17. The following is a separate description of each of the Shaw Fishman categories which generally describe the tasks performed. Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

18. **BMO & SBA Settlement**: (Fees: $8,738.00 / Hours: 18.90). Shaw Fishman's efforts in this category related to the resolution of approximately $9.0 million in claims asserted

{11563-001 APPL A0448574.DOCX 4}    5

by BMO and the SBA against the Debtors and the release of all of BMO's and the SBA's liens on the Debtors' property. The services in this category include, but are not limited to the following: (a) participating in telephone conferences and other communications with Thomas, and the Debtors' general bankruptcy counsel, Joseph Baldi ("Baldi"), regarding the negotiation and settlement of the SBA's and BMO's claims in connection with the sale of the North Parcel; (b) participating in numerous telephone conferences and other communications with counsel for BMO regarding settlement; (c) participating in numerous telephone conferences and other communications with counsel for SBA regarding the SBA's revocation of a prepetition settlement and negotiation of new settlement terms; (d) preparing and negotiating a second amendment to the SBA's settlement agreement ("Second Amendment") with the Debtors; (e) preparing letters of direction for the Land Trust's execution of the Second Amendment; (f) preparing and negotiating a proposed letter agreement with BMO regarding postpetition actions taken in connection with the BMO settlement agreement; and (g) negotiating, preparing and revising a release agreement with BMO.

19.     **_Real Estate._**  (Fees: $28,661.50 / Hours: 67.10).  This category includes services related to the negotiation and sale of the North Parcel and the Debtors' repurchase of the South Parcel pursuant to the North Parcel Option Agreement. The professional services rendered in this category generally include: (a) participating in numerous telephone conferences, in-person meetings and other communications with Thomas, Baldi, and counsel for Continental Beeson, BMO, the SBA and Ice Miller regarding, among other things, the North Parcel Option Agreement, the contested Sale Motion, the Sale Order, the annexation and permitting issues related to the North Parcel and the closing of the real estate transaction; (b) reviewing and revising multiple drafts of the Sale Motion; (c) attending the initial hearing on the Sale Motion; (d) reviewing and revising

exhibits for the evidentiary hearing on Sale Motion; (e) negotiating, reviewing and revising a potential amendment to the North Parcel Option Agreement; (f) reviewing the North Parcel annexation and land use approval documents; (g) reviewing and analyzing Ice Miller's objection to Sale Motion and providing comments on to Debtors' reply in support of Sale Motion; (h) reviewing and analyzing the proposed title policy commitment for the North Parcel and South Parcels and addressing various exceptions to the proposed title policies; (i) reviewing and responding to Continental Beeson's objections to the title policy for the North Parcel; (j) preparing of various letters of direction for execution by BMO and the Land Trust; (k) reviewing and revising multiple drafts of the Sale Order; (l) reviewing and revising multiple drafts of the various closing documents for the transfer of the North Parcel and South Parcel pursuant to the North Parcel Option Agreement; (m) addressing numerous issues that arose in conjunction with the closing of the North Parcel and South Parcel transaction and the preparation of sale related documentation; and (n) addressing various post-closing issues, including but not limited to, providing documentation required by the title company and obtaining releases of mortgages and UCC financing statements.

20.    ***Retention and Fee Application.***    (Fees: $6.50 / Hours: 3,087.50).  This category includes services related to: (i) Shaw Fishman's retention; (ii) reviewing, revising and categorizing the detailed statement of fees and expenses from January 11, 2016 through September 14, 2016; and (iii) preparing this Final Application.

**Summary of Services Rendered by Professionals**

21.    In summary, the total compensation sought with respect to the 3 categories of services set forth above is $40,582.00.  In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

{11563-001 APPL A0448574.DOCX 4}                                7

| Professional | Position | Hourly Rates | Hours | Amount |
|---|---|---|---|---|
| Allen J. Guon | Member | $475 | 54.40 | $25,840.00 |
| David L. Shaw | Member | $390 | 37.80 | $14,742.00 |
| Jennifer Devroye | Associate | — | 0.30 | 0.00 |
| | | **TOTAL:** | | **$40,582.00** |

22.     The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtors in connection with the case.  Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

23.     Shaw Fishman took steps necessary to ensure that the services of Shaw Fishman and the Debtors' general bankruptcy counsel, Joseph A. Baldi ("Baldi"), did not overlap or result in duplicative costs to Debtors.  As discussed above, Shaw Fishman negotiated and finalized the sale of the North Parcel and the Debtors' repurchase of the South Parcel and the corresponding settlements with BMO and the SBA.  Shaw Fishman worked with Baldi in preparing the motion to sell the North Parcel, while Baldi will prepare the plan and disclosure statement to be filed by Debtors in this case, the monthly operating reports and other motions necessary for the administration of the case.  Baldi and Shaw Fishman conferred to the extent necessary to coordinate strategy and advise the Debtors on the best course of action in this case related to the sale and settlement.  Given the complexity of the issues involved, however, it was necessary for Baldi and Shaw Fishman to be involved in certain meetings and conference calls.

24.     Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant.  The results of Shaw Fishman's efforts in this regard have

{11563-001 APPL A0448574.DOCX 4}                                  8

inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## The Expenses Requested

25. The actual and necessary costs provided by Shaw Fishman during the Application Period is $297.94 and is also detailed in <u>Exhibit A</u>. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

26. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| **Category** | **Amount** |
|---|---|
| Commercial Messenger Delivery (e.g., Metro) | $40.50 |
| Online docketing and documents (PACER) | $9.70 |
| In-city Transportation (Parking/Taxi) | $8.00 |
| Photocopy (In-house)[2] | $12.00 |
| Overnight Delivery | $214.14 |
| Postage | $1.57 |

---

[2] This amount includes the fee paid to the Clerk of the Court for certifying the Sale Order as required by the Title Company.

{11563-001 APPL A0448574.DOCX 4}                                9

| Category | Amount |
|---|---|
| Westlaw | $12.03 |
| **TOTAL** | **$297.94** |

### Compliance with 11 U.S.C. § 504

27.  Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

### Notice

28.  Shaw Fishman provided 21 days' notice of this Application to (a) the Office of the United States Trustee, (b) the Debtors, and (c) those parties that requested notice in this case. Notice of the hearing on this Application has also been provided to all creditors in this case. Shaw Fishman requests that this Court waive and dispense with any further notice requirements, pursuant to Fed. R. Bankr. P. 2002(a) and 9007.

### Conclusion

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Fishman the amount of $40,582.00 in final compensation for services rendered during the Application Period;

(b) Allows Shaw Fishman the amount of $297.94 in final expense reimbursement for the Application Period;

(c) Authorizes Shaw Fishman to apply the $2,500.00 retainer to the compensation and expenses awarded herein;

(d) Authorizes and directs the Debtors to pay Shaw Fishman the amount of $38,379.94 in payment of the fees and expenses awarded herein;

(e) Waives other and further notice of the hearing with respect to this Application; and

   (f)  Provides such other just and appropriate relief.

                Respectfully submitted,

                Shaw Fishman Glantz & Towbin LLC

Dated: November 23, 2016    By: */s/ Allen J. Guon*
                  One of its members

Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone